UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAUL VASQUEZ, | |
| Plaintiff, | No. 1:24-CV-08489 |
| v. | Judge Edmond E. Chang |
| KORY KLIEBERT, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

Raul Vasquez, whose daughter attends a public charter school in Chicago, al-
leges that the school's principal discriminated against Vasquez on the basis of sex, in
violation of Title IX, 20 U.S.C. §§ 1681 *et seq.*, and also tortiously interfered with his
family relationship. R. 1, Compl. ¶¶ 20–24.[1] Kory Kliebert is the principal of the
school, Compl. ¶ 2, and he now moves to dismiss the complaint for failure to state a
claim. Fed. R. Civ. P. 12(b)(6); R. 8, Def.'s Mot. to Dismiss at 1. For the reasons dis-
cussed in this Opinion, the motion to dismiss is granted as to the Title IX claim. The
dismissal is without prejudice to filing an amended complaint, if Vasquez really be-
lieves that he can fix the gaps described in this Opinion. In light of the dismissal of
the federal claim, there is no need (at least not yet) to address the sufficiency of the
state law allegations at this time.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed,
a page or paragraph number. This Court has federal question jurisdiction of the federal claim
under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim under 28
U.S.C. § 1367(a).

## I. Background

In deciding a motion to dismiss, the Court accepts well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In presenting the alleged facts here, Vasquez attached a series of exhibits to support the complaint, written in both English and Spanish. *See* Compl. at 10–32. The Court accepts as true allegations made in the English-language exhibits. *See Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) ("[T]he district court is entitled to consider exhibits attached to the complaint as part of the pleadings."). But Vasquez did not provide a certified English translation for the Spanish-language exhibits. *Delta Tech. Dev. LLC v. BIGJOYS*, 2024 WL 3755929, at *2 (N.D. Ill. Aug. 12, 2024) ("It is a well-established rule that a document in a foreign language is generally inadmissible unless accompanied by a certified English translation." (cleaned up)).[2] Thus, the Court accepts as true all allegations in the complaint that *describe* the contents of the Spanish exhibits, but not the content of the Spanish-language exhibits themselves.

CICS Bucktown, a public charter school located in Chicago, enrolls students who reside within the Chicago city limits. Compl. ¶¶ 2, 5. Vasquez's daughter, A.V., is currently enrolled at CICS Bucktown despite living outside the city of Chicago. *Id.* ¶¶ 1, 5. Sometime before the 2023–2024 school year, A.V. was enrolled by Vasquez's

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

"soon-to-be ex-wife," Jenniffer Barrientos, who works as a kitchen employee at the school. *Id.* ¶¶ 5, 14. In August 2023, Vasquez contacted the school to request an investigation into A.V.'s enrollment. *Id.* ¶ 6. The school declined to conduct an investigation, deeming the issue a "custody matter" between Vasquez and Barrientos. *Id.*

After A.V. enrolled at the school, Vasquez received a series of communications from CICS Bucktown about its academic and summer programming. Compl. ¶¶ 8–11, 13. Some of the programming—such as the "Right at School" summer program, a summer camp, an enrollment event, and a Domino's incentive program—conflicted with Vasquez's time with A.V., as allegedly agreed upon between Vasquez and Barrientos. *Id.* Also, CICS Bucktown hosts a before- and after-school care program, which requires parents to provide a passcode to pick up their child. *Id.* ¶ 14. The school also runs a "PTO" program and an "I-Ready" program for parents. *Id.* ¶¶ 16, 19.

According to Vasquez, all of this school programming is a benefit to Barrientos because, as a school employee, she may be better positioned than Vasquez to participate in them. Compl. ¶¶ 14, 16, 19. So Vasquez is concerned that this would increase Barrientos' parenting time with A.V. at the expense of his own. *Id.* As the principal of CICS Bucktown, Kliebert allegedly "facilitated" these programs. *Id.* ¶¶ 2, 13, 14.

In June 2024, Vasquez sent Kliebert a "cease-and-desist letter." Compl. ¶ 7. Sometime in August 2024, Vasquez sent Kliebert a draft of his complaint. *Id.* ¶ 12. One week later, Barrientos informed Vasquez that she had enrolled A.V. for the 2024–2025 school year. *Id.* ¶ 17. Vasquez responded by filing this lawsuit.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Federal courts are generally required to give *pro se* litigants greater latitude than those represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the Court has "a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing

4

the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, the Court must "ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987) (cleaned up).

### III. Analysis

### A. Title IX

Kliebert argues that the federal Title IX claim must be dismissed because Vasquez has failed to adequately state a claim upon which relief can be granted. Def.'s Mot. to Dismiss at 4–5; Fed. R. Civ. P. 12(b)(6). To state a claim under Title IX, a plaintiff must allege that "(1) the educational institution received federal funding, (2) plaintiff was excluded from participation in or denied the benefits of an educational program, and (3) the educational institution in question discriminated against plaintiff based on gender." *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019). Also, a plaintiff "bears the burden of showing that [they have] standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). As explained below, Vasquez has failed to adequately state a claim under Title IX.

### 1. Defendant's Capacity

Title IX prohibits "education *program*[s] or activit[ies] receiving Federal financial assistance" from discriminating against program participants "on the basis of sex." 20 U.S.C. § 1681(a) (emphasis added). Though plaintiffs are permitted to sue *programs* that receive federal funding, Title IX "does not authorize suit against school officials, teachers, or other individuals." *Levin v. Madigan*, 692 F.3d 607, 614 (7th

Cir. 2012); *see also Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1018 (7th Cir. 1997) ("By its terms, Title IX prohibits discrimination only by a program or activity receiving federal funding." (cleaned up)).

In this case, Vasquez named Kliebert, "in his official capacity," as the only defendant in this case. Compl. ¶ 2. A suit against an individual in their "official" capacity is treated as a suit against the "entity itself." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (explaining that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").[3] Despite Vasquez's use of the phrase "in his official capacity," the pleadings make clear that Vasquez is really suing Kliebert in his individual capacity. Throughout his complaint, Vasquez alleges that Kliebert "facilitated" school programs, advertised those programs via email, "utilized the appearance of" other school employees to communicate with Vasquez, and generally "orchestrated" the conduct of other school employees, all in an effort to favor Barrientos over Vasquez. Compl. ¶¶ 10–11, 13–16, 18. Taken as a whole, the pleadings focus on the conduct of Kliebert as an individual supposedly trying to help Barrientos, as opposed to accusing Kliebert of acting on behalf of CICS Bucktown. So the Court construes Vasquez's Title IX claim as a suit against Kliebert in his *individual* capacity, which

---

[3]In *Smith v. Metro. Sch. Dist. Perry Twp.*, the Seventh Circuit considered whether principals can be sued in their official capacity under Title IX. 128 F.3d at 1020–21. After holding that principals do not maintain the requisite administrative control over federally funded programs or activities under applicable state law, the court went on to acknowledge that official-capacity suits are "generally … only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 1021 n.3 (cleaned up).

6

is disallowed by Title IX. *Levin*, 692 F.3d at 614 ("Title IX … does not authorize suit against school officials, teachers, or other individuals.").

Also, even construing the complaint expansively and liberally, Vasquez has not adequately stated an official-capacity suit against Kliebert (which would effectively be suing CICS Bucktown) because he has not named CICS Bucktown as a defendant and has not served the complaint and summons on CICS Bucktown. The school has not appeared as a named defendant in the case. Vasquez would need to sue and to serve CICS Bucktown to proceed with a Title IX claim official-capacity suit. *Smith*, 128 F.3d at 1021 n.3 (noting that Title IX suits against federally-funded entities require "notice and an opportunity to respond" (cleaned up)). So Vasquez has failed to sue a proper defendant under Title IX.

## 2. Vasquez's Claim on Behalf of Himself

The complaint is also unclear on whether Vasquez is suing on his own behalf or, instead, in a representative capacity under Title IX. If Vasquez is trying to sue on his own behalf, then that is another flaw in the claim: he is not a participant of an educational program, which is a foundational requirement to a viable Title IX claim.

Title IX authorizes *participants* in federally funded educational programs to bring suit for sex discrimination. *See* 20 U.S.C. § 1681(a) (banning programs from engaging in sex discrimination by excluding persons from participating in the programs). To state a claim under Title IX, a plaintiff must allege that they were "excluded from *participation* in or denied the benefits of an educational program." *Columbia Coll. Chi.*, 933 F.3d at 854 (emphasis added). The Supreme Court has

recognized a private right of action for all manner of *participants*, namely, for students complaining about the conduct of teachers, *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 280–84 (1998), for students complaining of peer-to-peer sexual harassment, *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999), for school employees when the employee directly participates in federal programs or benefits from federal grants, *North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 530 (1982), and for individuals who suffer retaliation in the form of exclusion after reporting sex discrimination, *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173–74 (2005). In contrast, Vasquez cites no authority for the proposition that a *non*-participant like him can bring a Title IX claim on his own behalf. Indeed, Vasquez does not assert that he is a participant in the educational activities or programming of CICS Bucktown, and so he lacks statutory standing to bring a Title IX claim on his own behalf.

But even if Vasquez had pleaded that he participated (or tried to participate) in CICS Bucktown's programs, he would also need to allege that he was excluded from or denied the benefits of the school's programming. *Columbia Coll. Chi.*, 933 F.3d at 854. Nowhere in the complaint does Vasquez allege that the school excluded him from its programming. In fact, Vasquez alleged that he was invited to participate in the school's I-Ready and PTO programs. Compl. ¶¶ 16, 19. He would also need to allege sufficient and plausible facts suggesting that he was discriminated against on the basis of his sex, *Columbia Coll. Chi.*, 933 F.3d at 854, and he has yet to do so. Thus, Vasquez has failed to state a Title IX claim on behalf of himself.

8

### 3. Vasquez's Claim on Behalf of A.V.

Vasquez also lacks the capacity to assert a Title IX on behalf of A.V. Civil Rule 17(c) allows a minor child's guardian to represent the child in litigation. *See* Fed. R. Civ. P. 17(c). Thus, legal guardians may bring suit under Title IX on behalf of their children. *See generally Davis*, 526 U.S. at 633–35 (1999) (recognizing the ability of parent to bring a Title IX gender-discrimination claim on behalf of her daughter). But a guardian or "next friend may not, without the assistance of counsel, bring suit on behalf of a minor party."[4] *Elustra*, 595 F.3d at 705.

Because Vasquez is proceeding *pro se*, he may not bring suit on behalf of anyone other than himself. And even if Vasquez were represented by counsel, the pleadings are unclear as to whether Vasquez is a legal guardian of A.V. In his complaint, Vasquez refers to Barrientos as his "soon-to-be ex-wife." Compl. ¶ 5. Although this implies that Vasquez and Barrientos were married at the time of filing, it is unclear whether they remain married. No other allegations say that Vasquez is a legal guardian of A.V. Under these circumstances, Vazques lacks statutory standing to sue on behalf of A.V.

Also, even if Vasquez did have standing to sue on behalf of A.V., he would need to adequately allege that *A.V.*—not Vasquez—was excluded from or denied the benefits of CICS Bucktown's programming on the basis of her sex. *Columbia Coll. Chi.*,

---

[4]The Seventh Circuit has recognized a few exceptions to this rule, like suits to claim social security benefits, but none of them apply here. *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). No exception applies here.

933 F.3d at 854. The complaint is bereft of any factual allegations like that. If anything, Vasquez alleges that A.V. is enrolled and involved in the school's programming. Compl. ¶¶ 5, 17–18. Thus, Vasquez's Title IX claim is dismissed, though the dismissal is without prejudice for now.

### B. State Law Claim

Having dismissed Vasquez's federal claim, the Court declines for now to address his state law claim. *See* 28 U.S.C. § 1367(c)(3); *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) (explaining that "[w]hen federal claims drop out of the case," the trial court "has broad discretion to decide whether to … relinquish supplemental jurisdiction over the state-law claims," with a "general presumption in favor of relinquishment"). Where "the state-law claims are complex and raise unsettled legal issues," the presumption of relinquishment is "particularly strong." *Id.* Here, whether a cause of action for tortious interference with parental rights exists is unsettled under Illinois state law. *See Hulsh v. Hulsh*, — N.E.3d —, 2025 WL 1462937, at *7 (Ill. May 22, 2025) (declining to recognize a cause of action for tortious interference with a parent-child relationship absent action from the Illinois legislature).

If Vasquez amends his complaint, and Kliebert again moves to dismiss, and the federal claim survives, *then* the Court will address the state claim of tortious interference with parental rights. If Vasquez amends the complaint, and Kliebert moves to dismiss, and the federal claim is dismissed with prejudice, then the Court will relinquish jurisdiction over the state claim. Lastly, if Vasquez does not file an

amended complaint, then the dismissal of the federal claim will convert to a dismissal with prejudice, and the Court will relinquish jurisdiction over the state claim.

## IV. Conclusion

The federal Title IX claim is dismissed without prejudice. If Vasquez can fix the problems in the current complaint, then he may file an amended complaint. That pleading, if filed at all, is due on or before October 10, 2025.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 26, 2025

11